OPINION
This appeal is taken by Plaintiff-Appellant, James H. Shaver et al. from the judgment entered by the Court of Common Pleas of Seneca County on July 16, 1999, dismissing the complaint for "failure to state a cause of action upon which relief could be granted." A cross appeal has been taken by Defendant-Appellees, Route 53 Recreation, Inc., et al.
In the late 1960's Paul and Eula Molyet owned a farm of approximately 140 acres in Seneca County. During this time, the Molyets operated a farm market on the property facing State Route 53. In 1985, Paul and Eula Molyet sold a 3.535 acre parcel of land including the farm market to their corporation, Molyet Farm Markets, Inc. Also in 1985, the Molyets sold the remaining 135 acres of the farm to James H. Shaver and Thomas W. Shaver, Appellants.
Through the years the 3.535 acre parcel was resold several times but continued to remain a commercial property. In January, 1997, Appellee Richard E. Osterwalder Trust purchased the 3.535 acre parcel from Thomas R. Weimerskirch and Bonnie S. Weimerskirch. Later that same year, Appellee, Route 53 Recreation Center, Inc., leased the 3.535 acre parcel of land from the Osterwalder Trust in order to operate a sporting goods store. The 135 acre parcel remained in the possession of the Shavers and was used primarily for farming and by a tenant who had a dwelling on the premises.
The deed executed by the Molyets to the Shavers in 1985 contained language granting the Shavers a parcel of land approximately 138.65 acres in size less and except a certain 3.535 acre parcel deeded to the Molyet Farm Market. The deed also contained the standard language placed in the majority of deeds concerning easements. It read:
 The above parcels I and II, less the above noted exception contains 135.685 acres, more or less, subject to legal highways, zoning and easements of record.
The deed executed by Weimerskirch to Osterwalder contained language granting the Osterwalder Trust the 3.535 acre parcel of land originally owned by the Molyets. This deed also contained the standard language relating to reservations and easements found in the majority of deed forms. It read:
 This grant is subject to and with the benefit of all legal highways and zoning restrictions and to all easements, conditions, limitations, restrictions and reservations of record, if any.
The 3.535 acre parcel faces State Route 53 and is surrounded by the 135 acre parcel on the other three sides. However, both parcels have access to State Route 53, neither is land-locked. When the Molyets owned both pieces of property they used the access to State Route 53 provided by the farm market's parking lot to reach a driveway leading to the farmland and house located on the larger parcel. Upon later transfer of the 3.535 acre parcel the parking lot was paved and an obvious demarcation between the 135 acre parcel and the smaller parcel was formed. Beyond the newly paved lot lay grass and several yards further lay a gravel path used for travel on the farm. The Shavers sometimes drive from their gravel path on to the grass and then across the parking lot to reach State Route 53.
On or about Monday October 20, 1997, Appellees obstructed the Shaver's parking lot access to State Route 53 by digging up the grassy area and placing garbage dumpsters across the parking lot so that the Shavers could not use the parking lot access to State Route 53. The Shavers allege that they have used this parking lot for ingress and egress from their 135 acre property since its acquisition in 1985 and that they own an easement consisting of a driveway approximately 20 feet in width and 220 feet in length over and across the 3.535 acres now owned by the Appellees.
On November 13, 1997, the Shavers filed a three-count complaint against Route 53 Recreation Center, Inc. and the Richard E. Osterwalder Trust in the Seneca County Court of Common Pleas. In Count One the Shavers alleged that they were the owners of an easement express or implied over the 3.535 acre parcel of land. In Count Two the Shavers alleged that the continued use of the driveway for over a decade qualified as an easement by prescription. Finally, in Count Three, the Shavers claimed that Route 53 or its employees or agents had been firing weapons across their property and such action constituted a nuisance against which they asked the court to issue a preliminary injunction preventing use of firearms and dangerous weapons on or across their property.
On December 3, 1997, the Court granted the preliminary injunction for the use of the driveway and the parking lot so that the resident of the Shaver's property could reach his home. An injunction was also granted regarding the use of firearms. However, the court refused to grant a preliminary injunction that continued to allow the Shavers to use the alleged easement for farming purposes.
On January 8, 1997, the Shavers' voluntarily dismissed Count Two of their complaint. This case then came before the trial court for an oral hearing on Appellee's motion for summary judgment on February 9, 1998. On February 10, 1998 the trial court overruled the Appellee's motion for summary judgment. On February 18, 1998, the trial court dismissed Count Three of the Appellant's original complaint. This case then proceeded to trial by jury on Count One of the original complaint. On February 20, 1998, after deliberating, the jury advised the trial court that it could not reach a verdict. The Court then discharged the jury and declared a mistrial. Upon motion to reschedule the jury trial the court rescheduled the trial for October 26, 1998.
The court continued the jury trial until after the first of the year. In January 1999, Judge Shuff appointed retired Judge Thomas R. Spellerberg to hear the case. Eventually, on March 26, 1999, the case was scheduled for trial on June 28 and the case proceeded to trial, on the date set. At the commencement of the trial the trial judge told counsel that he was inclined to dismiss the Complaint, but gave the plaintiff an opportunity to file a brief in objection to dismissal. The plaintiffs filed their objection to the dismissal on June 29, 1999, and the defendants filed their response on July 1, 1999. The Court, after reviewing the pleadings including the plaintiff's complaint, exhibits attached thereto, and the defendant's answer, dismissed the complaint for "failure to state a cause of action upon which relief could [sic] be granted."
On appeal from that dismissal Appellants present the following single assignment of error:
 1. The trial court erred and abused its discretion causing prejudice to appellants when it dismissed appellant's complaint for failure to state a cause of action.
Review of the plaintiff's complaint discloses that the allegations made constitute a "cause of action" or claim upon which relief might be granted if proven, as appellees' counsel conceded in the oral argument of this appeal. However for the reasons stated hereafter, we find the dismissal of the complaint on the grounds stated by the trial court to have caused no prejudice to appellants but, that the judgment entry of dismissal "for failure to state a cause of action" should be vacated.
Appellees' have filed a cross appeal presenting the following two assignments of error:
 1. The trial court committed reversible error when it overruled appellees' motion for summary judgment on February 10, 1998.
 2. The trial court committed reversible error when it granted appellant's motion to reschedule jury trial.
Cross Appellants, Richard Osterwalder Trust and Route 53 Recreation Inc., initially claim that the trial court erred when it overruled their motions for summary judgment before trial. When reviewing summary judgment, we review the judgment independently and without any deference to previous determination by the trial court. Midwest Specialties, Inc. v. Firestone Tire Rubber Co. (1988), 42 Ohio App.3d 6, 536 N.E.2d 411. The standard of review in this court is de novo. AAAA Enterprises,Inc. v. River Place Community Urban Redevelopment Corp. (1990)50 Ohio St.3d 157, 553 N.E.2d 597.
Summary judgment is appropriate only when the following have been established: (1) that there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) construing the evidence most favorably in the light of the non-moving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. Bostic v. Connor (1988), 37 Ohio St.3d 144,524 N.E.2d 881
The moving party bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Celotex Corp. v. Catrett (1986),477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265.
Once the moving party meets its burden, the nonmoving party then has a reciprocal burden to set forth specific facts showing that there is a genuine issue of material fact for trial. A. Doev. First Presbyterian Church (USA) (1998), 126 Ohio App.3d 358,364; Civ.R. 56(E). The nonmoving party may not rest on the mere allegations of her pleading. State ex rel. Burns v. Athens Cty.Clerk of Courts (1998) 83 Ohio St.3d 523, 524 citing Mootispaw v.Eckstein (1996), 76 Ohio St.3d 383, 385, 667 N.E.2d 1197, 1199; Civ.R. 56(E).
Richard Osterwalder Trust and Route 53 Recreation Inc. argued in their motion for summary judgment and here on appeal that there is no genuine issue of material fact and, therefore, as a matter of law no easement either express or implied exists and therefore the trial court erred by overruling their motion for summary judgment.
An easement is a right afforded to a person to make limited use of another's real property. American Heritage Dictionary Second College Edition (1985) 435. Easements may be created by express grant or by implication. It is well settled that implied grants of easements are not favored because they are "in derogation of the rule that written instruments shall speak for themselves." Ciski v. Wentworth (1930) 122 Ohio St. 487 paragraph one of the syllabus. However, an implied easement may arise when the following elements are present: (1) a severance of the unity of ownership in an estate; (2) that, before the separation takes place, the use which gives rise to the easement shall have been so long continued and obvious or manifest as to show that it was meant to be permanent; (3) that the easement shall be reasonably necessary to the enjoyment of the land granted or retained; (4) that the servitude shall be continuous as distinguished from a temporary or occasional use only. Id at paragraph one of the syllabus.
The grant of an implied easement is based upon "the equitable right of the grantee of the dominant parcel to reform the grant to provide for such easement." Renner v. Johnson (1965) 2 Ohio St.2d 195, paragraph two of the syllabus. However, that equitable right is not enforceable against a bona fide purchaser for value who had no notice of the easement. Id. at paragraph three of the syllabus.
The record discloses that indeed no genuine issue of material fact exists. None of the property deeds at issue use language granting an easement. As a result, this court cannot say that an easement by express grant exists.
The record also reveals and all parties agree that the 220 ft. driveway through the 3.535 acre parcel to State Route 53 is not necessary to the beneficial use of the larger 135 acre parcel because there exists reasonable alternative means of access to State Route 53. Moreover, the Shavers have failed to present any evidence tending to establish that they have a permanent and continuous right to use of the property or that Osterwalder Trust had notice of an easement over the property before its purchase. As a result, despite the fact that the Shavers may have driven through the parking lot on the smaller parcel to reach State Route 53 from time to time, they have failed to provide evidence establishing that an easement of any type may indeed exist, unless it be a revocable easement by sufferance, thus leaving no genuine issue for resolution at trial. No genuine issue of fact having been shown to exist and no permanent easement having been shown to exist we hold that the judgment of the trial court overruling Cross Appellant's motion for summary judgment was entered in error. Therefore, the Cross Appellant's first assignment of error is sustained.
Having sustained the first assignment of error on cross appeal, we conclude that Assignment of Error No. No. 2 of the cross appeal is moot.
The judgment of the Court of Common Pleas of Seneca County dismissing the complaint "for failure to state a cause of action" is vacated; the judgment of that court denying appellees' motion for summary judgment is reversed upon the cross appeal; and the cause is remanded to the trial court for entry of judgment granting summary judgment to appellees and dismissing the complaint and for execution for costs.
Judgment vacated, summary judgment Reversed and cause remandedwith instructions.
 HADLEY, P.J., and SHAW, J., concur.