OPINION
This appeal is taken by Plaintiff-Appellants Paul and Barbara McGlone from the judgment entered by the Court of Common Pleas of Crawford County granting Defendant-Appellee Motorist Mutual Insurance Company's motion for summary judgment.
On January 18, 1995, Barbara McGlone was seriously injured in an accident as a direct and proximate result of the negligence of Eileen R. Spade, who was not a party to this action but is the defendant in a separate action still pending in trial court.[1] At the time of the accident Barbara and Paul McGlone were insured pursuant to policy of motor vehicle insurance issued to them by defendant, Motorists Mutual Insurance Company (hereinafter "Motorists"). The policy included uninsured and underinsured motorist coverage.
Throughout 1997 and 1998 while the McGlone's action against Spade was still pending, the McGlones pursued Motorists for compensation of their underinsured/uninsured motorist policy limits provided by their policy and demanded arbitration. Motorists refused to consent to arbitration or to compensate the McGlone's.
On July 8, 1999, the McGlones filed a "complaint and petition" against Motorists in the Court of Common Pleas of Crawford County demanding arbitration of their underinsured/uninsured claim and recovery of their policy limits. The complaint alleged that Motorists had breached the contract of insurance by its failure to provided uninsured/underinsured motorist coverage of the policy to the McGlones and by refusing to proceed with arbitration despite the McGlone's requests.
On July 29, 1999, Motorists filed its answer to the "complaint and petition". Motorists denied the McGlone's allegations that it had breached the insurance contract. In its defense it argued that "[p]ursuant to the provisions of the insurance policy attached hereto as Exhibit 1 and made a part hereof [the McGlone's] are not entitled to arbitration of their underinsured or uninsured motorist coverage claims under said policy unless both parties agree to arbitration which [Motorist] does not."
Before Motorist filed its answer to the complaint and petition the McGlones filed a motion to order arbitration. On July 29, 1999, Motorists filed its response in opposition to the request for arbitration. Motorists argued that the McGlones motion brought pursuant to R.C. 2711.03 was fundamentally "flawed" in that "no agreement to arbitrate" had ever been entered into by either of the parties. On September 3, 1999, the trial court found that the existence of the arbitration agreement was in issue and thus pursuant to R.C. 2711.03
proceeded to order the issue to trial.
On September 5, 2000, Motorists filed its motion for summary judgment. The McGlone's filed their response. On November 14, 2000, the trial court after considering all of the evidence properly before it granted summary judgment to Motorists. The entry is in part:
 While the court notes that there is a presumption in favor of arbitration, the Court does not find that there is an agreement in writing from the defendant to arbitrate this matter. Both parties acknowledge that this fact is true. The parties never mutually agreed to submit to arbitration as required by the insurance contract.
* * *
 The Court finds that there exist no genuine issues as to material fact which only the jury, trier of fact should consider. Further, the court finds that the Defendant's are entitled to judgment as a matter of law. The Court does not find a binding enforceable contract between the parties to arbitrate the uninsured/underinsured motorist claim of the [McGlone's].
On appeal from that judgment entry McGlone asserts the following assignments of error:
 The court erred in awarding summary judgment on the basis of documents not properly before the courts under Civ. Rule 56(C) and 56(E).
 The failure of an insurer to respond to numerous demands for arbitration for a period of four years voids any provision requiring its consent thereto.
 The claimed amended provision for arbitration is merely illusory and is incompatible with Ohio's definition of arbitration.
McGlone presents three separate arguments in support of her assertion that the trial court erred when it granted summary judgment in favor of Motorists. Each assignment of error will be addressed separately.
When reviewing summary judgment, we review the judgment independently without any deference to the previous determination made by the trial court. Conley-Slowinski v. Superior Spinning Stamping Co. (1988),128 Ohio App.3d 360. The standard of review in this court is de novo.AAAA Enterprises, Inc. v. River Place Community Urban RedevelopmentCorp. (1990), 50 Ohio St.3d 157, 553 N.E.2d 597.
Civil Rule 56 requires the court to determine from the materials properly to be considered and timely filed in the action, resolving all doubts against the movant, that no genuine issue exists as to any material fact, that reasonable minds could reach no other conclusion and that the moving party is entitled to judgment as a matter of law. Therefore summary judgment is appropriate only when the following have been established: (1) that there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) construing the evidence most favorable in the light of the non-moving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. Civ.R.56(C); Bosticv. Connor (1988), 37 Ohio St.3d 144, 524 N.E.2d 881.
The moving party bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Celotex Corp. v. Catrett
(1986), 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265.
Once the moving party meets its burden, the non-moving party then has a reciprocal burden to set forth specific facts showing that there is a genuine issue of material fact for trial. A. Doe v. First PresbyterianChurch (USA) (1998), 126 Ohio App.3d 358, 364; Civ.R. 56(E). The nonmoving party may not rest on the mere allegations of her pleading.State ex rel. Burns v. Athens Cty. Clerk of Courts (1998)83 Ohio St.3d 523, 524 citing Mootispaw v. Eckstein (1996),76 Ohio St.3d 383, 385, 667 N.E.2d 1197, 1199; Civ.R. 56(E). Most importantly, the non-movant's failure of proof on an essential element of the case necessarily renders all other facts immaterial. Celotex Corp.v. Catrett (1986), 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265.
Initially, the McGlone's claim that the trial court erred by considering the insurance contract attached to the answer filed by Motorists when granting summary judgment in Motorists favor. In support of their assertion the McGlone's claim that Civ. Rule 56(C) and 56(E) restrict the trial court's review of documents for purposes of summary judgment to those documents that are incorporated by reference through a properly framed affidavit. This assertion is without merit.
Civil Rule 56 is in pertinent part:
 (C) * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule.
As stated above, Civ.R.56 clearly contemplates and allows the consideration of pleadings, admissions, interrogatories, stipulations of fact, depositions and transcripts of evidence in addition to properly framed affidavits. The record reveals that Motorists attached the insurance contract at issue in the instant appeal to their responsive pleading filed on July 29, 1999 and properly incorporated it by reference therein. Further, because Motorists disputed the accuracy of the policy attached by the McGlones in the original complaint, Civ.R. 10(D) required Motorists to attach the document upon which that defense was founded, the complete insurance agreement. No error having been shown the McGlone's first assignment of error is overruled.
Next McGlone argues that the trial court erred when it granted summary judgment in favor of Motorists because Motorists failed to respond to the McGlone's numerous demands for arbitration and in so doing waived any provision requiring consent. This assertion is also without merit.
The record clearly reveals that Motorists duly responded to the McGlone's countless letters demanding arbitration. Further, in a 1999 letter, Motorists specifically refused to agree to arbitration. No error having been shown the McGlone's second assignment of error is overruled.
Finally, the McGlones argue that the trial court erred in granting summary judgment in favor of Motorists because the arbitration provision provided in the insurance contract is illusory and incompatible with Ohio's definition of arbitration.
The McGlone's insurance contract provides in pertinent part:
 ARBITRATION
If we and an insured do not agree:
Whether that insured is legally entitled to recover damages; or
 As to the amount of damages which are recoverable by that insured;
 From the owner or operator of an uninsured motor vehicle then that matter may be arbitrated. However, disputes concerning coverage under this endorsement may not be arbitrated.
 Both parties must agree to the arbitration. If so agree, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.
The McGlones argue that the foregoing section of the insurance contract is illusory and thus, incompatible with Ohio's definition of arbitration. An illusory promise is a promise that lacks consideration and thus, is unenforceable. Hilton v. Tire Tread Development, Inc. etal, (1993), Portage App. No. 92-P-0053, unreported. Furthermore, when some benefit to the insured is evident from the endorsement, the endorsement is not an illusory contract. State v. Golden (1998), Cuyahoga App. No. 72631, 72657, unreported.
The foregoing portions of the contract issued to the McGlones by Motorists reveal that a benefit to the insured is indeed evident from the language of the contract. The language establishes that Motorist has foregone its right to force arbitration. As a result, the insurance contract issued by Motorist does not contain an illusory promise and therefore is not incompatible with Ohio's definition of arbitration.
No error having been shown the McGlone's final assignment of error is overruled and the judgment of the Court of Common Pleas of Crawford County is affirmed.
 __________________ BRYANT, J.,
WALTERS, P.J. and HADLEY, J., concur.
[1] Barbara K. McGlone, et al., v. Eileen R. Spade, Case No.97-CV-0011