OPINION
{¶ 1} Defendant-appellant, Ohio Mutual Insurance Group ("OMI"), appeals from a decision of the Seneca County Court of Common Pleas granting summary judgment in favor of plaintiffs-appellants, Joshua Flowers, et al. ("the appellees"), and overruling in part and granting in part OMI's motion for summary judgment. For the reasons that follow, we reverse the decision of the trial court.
 {¶ 2} On May 7, 2001, Caleb Flowers, Cassidy Flowers, and Austin Heater, the minor children of Joshua and Christina Flowers, were allegedly injured when their mother, Christina Flowers, drove off West State Route 18 in Fostoria, Ohio, and struck a tree. At the time of the accident, Joshua Flowers was the named insured under an automobile insurance policy with United Ohio Insurance Group, a member company of OMI. The liability portion of Mr. Flowers' insurance policy excludes liability coverage for bodily injury or death to the named insured or any family member.[1]
 {¶ 3} On August 1, 2001, the appellees asserted claims against United Ohio Insurance Group, aka United Ohio Insurance Company and named in the complaint as Ohio Mutual Insurance Group, alleging, inter alia, entitlement to uninsured motorist ("UM") benefits. OMI denied the appellees' claims for UM coverage based on a family member exclusionary provision of the policy.
 {¶ 4} OMI filed a motion for summary judgment to which the appellees responded with a cross-motion for summary judgment. In its judgment entry dated March 18, 2002, the trial court denied the appellant's motion for summary judgment on the issue of UM coverage. A motion for reconsideration was denied by the trial court. On July 8, 2002, the parties incorporated the journal entries of judgment issued by the trial court with an agreement of the parties based on the outcome of the present appeal. It is from this judgment entry that the appellant now appeals, asserting two assignments of error for our review.
ASSIGNMENT OF ERROR NO. I
 {¶ 5} "The trial court erred in finding appellees are entitled to uninsured motorist coverage when occupying a vehicle owned by or furnished or available for the regular use of a named insured."
 {¶ 6} In its first assignment of error, OMI argues that the automobile liability insurance policy at issue is subject to the two-year guarantee period set forth in R.C. 3937.31(A). OMI further contends that the version of R.C. 3937.18 in effect at the time the policy was created permits it to exclude from the definition of "uninsured motor vehicle" those automobiles owned by, furnished to, or available for the regular use of a named insured, spouse, or resident family member.
 {¶ 7} In contrast, the appellees maintain that an amended version of R.C. 3937.31 effectively did away with the two-year guarantee period and note that recent amendments to R.C. 3937.18 deleted the family member exclusion. Furthermore, the appellees argue that whether or not the policy is subject to the two-year guarantee period, the defendant's policy automatically changed with the statute under the express language of the insurance agreement's "General Policy" provisions section.
 {¶ 8} When considering an appeal from the denial of summary judgment, our review is de novo, giving no deference to the trial court's determination.[2] Pursuant to Civ.R. 56, summary judgment is proper when, looking at the evidence as a whole (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence construed most strongly in favor of the nonmoving party that reasonable minds could only conclude in favor of the moving party.[3] The initial burden in a summary judgment motion lies with the movant to inform the trial court of the basis for the motion and identify those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claims.[4]
Those portions of the record include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action.[5]
 {¶ 9} Once the moving party meets its burden, the nonmoving party then has a reciprocal burden to set forth specific facts showing that there is a genuine issue of material fact for trial.[6] The nonmoving party may not rest on the mere allegations of its pleading.[7] Doubts must be resolved in favor of the nonmoving party.[8]
 {¶ 10} The first assignment of error requires us to decide what effect R.C. 3937.31(A) has in determining the applicable law governing the appelleess' UM claim. R.C. 3937.31(A) states in part: "Every automobile insurance policy shall be issued for a policy period of not less than two years or guaranteed renewable for successive policy periods totaling not less than two years. * * *"
 {¶ 11} The Ohio Supreme Court answered a similar question to the one facing this Court in Wolfe v. Wolfe.[9] In Wolfe, the Ohio Supreme Court asked whether an October 20, 1994 amendment of R.C. 3937.18 by Am.Sub.S.B. No. 20 ("S.B. 20") was incorporated into an automobile liability insurance policy in a renewal of the policy on December 12, 1994, so that the insured would be denied recovery of underinsured motorist ("UIM") benefits.[10] The plaintiff insured argued that R.C.3937.31(A) established the existence of successive two-year policy periods which, if applied in that case, would preclude application of S.B. 20 until December 12, 1995, and afforded UIM coverage to the insured under the policy.
 {¶ 12} The Wolfe court interpreted R.C. 3937.31(A) to require every automobile liability insurance policy issued in this state to have, "at a minimum, a guaranteed two-year policy period during which the policy cannot be altered except by agreement of the parties and in accordance with R.C. 3937.30 to 3937.39."[11] Further, the Court held that "[t]he commencement of each policy period mandated by R.C. 3937.31(A) brings into existence a new contract of automobile insurance, whether the policy is categorized as a new policy of insurance or a renewal of an existing policy."[12] The "policy period" the Court referred to is the statutory two-year guaranteed period, not any subsequent six-month or one-year renewals.[13] "The statutory law in effect on the date of issue of each new policy is the law to be applied."[14]
 {¶ 13} Applying its holdings, the Wolfe court counted successive two-year policy periods from the original issuance date of the automobile liability insurance policy at issue in that case, December 12, 1983, and found the last guaranteed policy period would have run from December 12, 1993 to December 12, 1995.[15] The Court then concluded that the S.B. 20 amendments to the statute, enacted during that policy period could not have been incorporated into the contract of automobile liability insurance until the mandatory policy period had expired on December 12, 1995 and a new guarantee period had begun.[16]
 {¶ 14} OMI asserts that under Wolfe Joshua Flowers is entitled to a guaranteed two year period during which the policy cannot be altered except by agreement of the parties. We agree.
 {¶ 15} Here, the parties entered into Policy No. NSA 1004504 on June 20, 2000, which was effective through December 20, 2000. The law in effect at the time the policy was entered into on June 20, 2000 was Am.Sub.S.B. No. 57 ("S.B. 57"), effective November 2, 1999. The policy was renewed with effective dates of December 20, 2000 to June 20, 2001. Three months before the renewal, Am.Sub.S.B. No. 267 ("S.B. 267") went into law on September 21, 2000. S.B. 267 amended R.C. 3937.18 and 3937.31.
 {¶ 16} We begin with S.B. 57 which, according to Wolfe, governs the policy because it was the law at the time the policy came into effect. S.B. 57 enacted one change to the UM/UIM statute and left intact the owned auto exclusion permitted in the Am.Sub.H.B. No. 261[17]
("H.B. 261") version of R.C. 3937.18, which included the following provisions:
 {¶ 17} "(J) The coverages offered under division (A) of this section or selected in accordance with division (C) of this section may include terms and conditions that preclude coverage for bodily injury or death suffered by an insured under any of the following circumstances:
 {¶ 18} "* * *
 {¶ 19} "(3) When the bodily injury or death is caused by a motor vehicle operated by any person who is specifically excluded from coverage for bodily injury liability in the policy under which the uninsured and underinsured motorist coverages are provided.
 {¶ 20} "(K) As used in this subsection, `uninsured motor vehicle and `underinsured motor vehicle' do not include any of the following motor vehicles:
 {¶ 21} "* * *
 {¶ 22} "(2) A motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse, or a resident relative of a named insured."
 {¶ 23} OMI amended its automobile liability insurance policies to incorporate the limitations on coverage authorized by H.B. 261, and left unchanged by S.B. 57, prior to the original issuance of the policy to Joshua Flowers. Specifically, the UM/UIM section of the appellant's Accommodator Auto Policy provides:
 {¶ 24} "E. With regard to definition C., uninsured motor vehicle does not include any vehicle or equipment:
 {¶ 25} "1. Owned by or furnished or available for the regular use of you or any family member."
 {¶ 26} OMI asserts that by its clear language this provision, as authorized by H.B. 261/S.B. 57, excludes the appellees from UM coverage. OMI further argues that Wolfe guarantees that, absent an agreement of the parties, this exclusion could not be altered for two years from the policy's date of issue. Thus, OMI maintains that the policy could not be modified until June 20, 2002 without an agreement of OMI and the appellees.
 {¶ 27} The appellees acknowledge that the policy at issue contains an exclusion that is identical to the wording contained in H.B. 261/S.B. 57. However, the appellees maintain that the more recent S.B. 267, which went into effect on September 21, 2000, made it permissible for OMI to change the policy midterm to incorporate into their policy any changes in Ohio statutory law. Thus, the appellees argue, the law in effect on December 20, 2000, was the law applicable to the policy that was renewed from December 20, 2000, through June 20, 2001.
 {¶ 28} Despite the appellees' recommendation to the contrary, we find the S.B. 57 version of R.C. 3937.18, the revision in effect at the time the of the policy creation, is the law to be applied, not the later S.B. 267 version.[18] As noted in Wolfe, R.C. 3937.31(A) guarantees a two-year period during which the OMI policy cannot be changed absent an agreement of the parties. This two-year period applies even though the policy at bar is subject to renewals every six months.[19] While the statute does not preclude an insured and the insurer from entering into a new contract of insurance within the two-year period, it has not been argued that the December 20, 2000, renewal constituted a new contract.[20] We further find that the OMI policy mirrors the language in the S.B. 57 version of R.C.3937.18(K)(2), excluding the appellees' automobile from the definition of an "uninsured motor vehicle."[21]
 {¶ 29} Lastly, the appellees assert that whether or not OMI's policy was subject to Wolfe and the S.B. 267 amendments it cannot be debated that OMI's policy states that it will conform to the statute. In the "General Policy" section of the OMI policy, it states that "[t]erms of this policy which are in conflict with the statutes of the states wherein this policy is issued are hereby amended to conform with such statutes." The appellees contend that on September 21, 2000, the policy at issue automatically changed to reflect the current version of R.C.3937.18 which prohibited the intrafamily exclusion. We disagree.
 {¶ 30} As noted previously, the law to be applied when interpreting a policy of automobile insurance is the statutory law in effect on the date of issue of each new policy.[22] Therefore, the "conformity to statute" provision of the OMI policy applies to the law in effect at the beginning of the statutory two-year guaranteed period, not the law arising midterm. In the present case, S.B. 57 was in effect when the insurance agreement was created, and, as found above, there is no conflict with S.B. 57. Accordingly, the appellees' argument fails.
 {¶ 31} Viewing the evidence most strongly in favor of the appellees, we conclude that the motor vehicle in which the appellees were riding at the time of the accident was not an "uninsured motor vehicle" as that term is defined in the policy. Thus, the appellant's first assignment of error is affirmed.
ASSIGNMENT OF ERROR NO. II
 {¶ 32} "Assuming arguendo, this court finds that O.R.C. 3937.18 as amended by S.B. 267 applies, appellees are not entitled to uninsured motorist coverage because appellee Christina Flowers, who was driving the automobile in which appellees were injured is specifically excluded from liability coverage under appellant's policy."
 {¶ 33} Because this Court finds that R.C. 3937.18 as amended by S.B. 267 does not apply to the insurance policy at issue, we need not address the appellant's second assignment of error.
 {¶ 34} Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
 Judgment reversed. WALTERS, J., concurs.
SHAW, J. dissents.
[1] Accommodator Auto Policy, NSA-10(09-99), Part A-Liability Coverage.
[2] Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105.
[3] Civ.R. 56(C); Horton v. Harwick Chem. Corp. (1995),73 Ohio St.3d 679, 686-87.
[4] Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
[5] Civ.R. 56(C).
[6] Civ.R. 56(E); A. Doe v. First Presbyterian Church (USA) (1998),126 Ohio App.3d 358, 364.
[7] Civ.R. 56(E); State ex rel. Burns v. Athens Cty. Clerk of Courts
(1998), 83 Ohio St.3d 523, 524.
[8] Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-59.
[9] (2000), 88 Ohio St.3d 246.
[10] Id.
[11] Id. at paragraph one of the syllabus.
[12] Id. at paragraph two of the syllabus.
[13] Id., at 251 rejecting the holding of Benson v. Rosler (1985),19 Ohio St.3d 41, to the extent it conflicts with R.C. 3937.31(A). See, also, State Farm Fire Cas. Co. (Dec. 18, 2001), Franklin App. No. 00AP-1458.
[14] Id. at 250, citing Ross v. Farmers Ins. Group of Cos. (1998),82 Ohio St.3d 281.
[15] Id. at 250.
[16] Id. at 251.
[17] Effective September 3, 1997.
[18] See, e.g., Wolfe, supra, at 251, and Ross, 82 Ohio St.3d at the syllabus.
[19] Id.
[20] See Leisure v. State Farm Mut. Auto. Ins. Co. (Nov. 19, 2001), 2001CA00095.
[21] See Robson v. Allstate Ins. Co. (Sept., 18, 2001), Delaware App. No. 01CAE03007.
[22] Wolfe, 88 Ohio St.3d at 250; Ross, 82 Ohio St.3d at the syllabus.