MEECE, Appellant and Cross–Appellee,

v.

WACO EQUIPMENT COMPANY, d.b.a. Waco Scaffolding
Company, Appellee and Cross–Appellant.

[Cite as *Meece v. Waco Equip. Co.* (1990), 66 Ohio App.3d 64.]

Court of Appeals of Ohio,
Franklin County.

No. 89AP–692.

Decided Feb. 6, 1990.

*Barkan & Neff Co., L.P.A.*, and *Sanford A. Meizlish*, for appellant and cross-appellee.

*Lane, Alton & Horst, Jack R. Alton* and *Patrick H. Boggs*, for appellee and cross-appellant.

---

WHITESIDE, Judge.

Plaintiff Mac Meece appeals from a judgment of the Franklin County Court of Common Pleas in favor of defendant Waco Equipment Company and raises two assignments of error as follows:

"1. The trial court erred in finding that the defendant-appellee did not breach any duty it owed to the plaintiff-appellant Mac Meece.

"2. The trial court erred in finding that there were no genuine issues of fact as to whether the scaffold equipment leased by defendant-appellee to Approved Roofing was the proximate cause of plaintiff-appellant's injuries."

Defendant, Waco Equipment Company ("Waco"), has filed a cross-appeal in support of which it raises a single assignment of error, as follows:

"The trial court erred in finding that there exists a factual dispute as to whether the scaffold equipment from which the plaintiff-appellant Mac Meece fell was leased from the defendant-cross-appellant to the employer of Mac Meece."

Defendant Waco leased scaffold equipment to Approved Roofing and Sheet Metal Company ("Approved Roofing"), the employer of plaintiff Mac Meece. However, not all scaffolding equipment used by Approved Roofing was leased from defendant Waco.

On the day in question, plaintiff Mac Meece was engaged in the installation of a roof canopy for Approved Roofing. Meece was on a scaffold, holding a ladder in an upright position over the canopy while the job foreman was on the ladder installing the canopy to the frame. The scaffold started to move

away from the building, causing the ladder to fall on Meece and knock him to the ground.

The scaffolding apparently was equipped with casters so they could be moved. However, there was evidence that there were brakes on the casters and that, prior to ascending the scaffold, Meece and another employee locked two of the four brakes, having had to unlock the brakes to move the scaffolding prior to the accident. The evidence indicates that there was no guardrail around the scaffold and that Waco customarily provides safety literature advising users of scaffolds which it provides not to use ladders on top of the scaffold. There is no evidence that this warning was given when this particular scaffold was furnished by Waco to Approved Roofing and no evidence that either Meece or his coworker, the job foreman, were so advised. Although there was evidence that Approved Roofing used several scaffolds and Waco provided only one, there also was evidence that the scaffold in question was marked as Waco equipment.

The trial court found there to be factual disputes as to whether the scaffolding equipment was leased from defendant Waco, but found as a matter of law that Waco owed no duty to plaintiff Mac Meece with respect to the scaffolding equipment so leased.

In making such finding, the trial court stated that "the uncontroverted evidence of the Defendant is that the braking equipment on the scaffold was in proper working condition, and there is no contrary averment by the Plaintiff to establish otherwise." It is somewhat difficult to square this trial court finding with the standard for summary judgment, namely, construing the evidence most strongly in favor of the nonmoving party, and granting summary judgment for the movant, only if, from the evidence so construed, reasonable minds could conclude only in favor of the movant.

■ Here, there was evidence that the locking mechanism (the brakes) was set in the locked position before Meece ascended the scaffold. Presumably, the brakes (or locking mechanism) are designed to prevent the scaffold from moving; at least the evidence so indicated. Thus, a reasonable inference could be made that, if the scaffold moved, the brakes did not work properly. Likewise, it is reasonable to infer that, if brakes do not work properly, they are defective. Even if it were of concern in summary judgment, this is not a matter of an inference upon an inference but, instead, two separate inferences drawn from the evidence, one from the purpose or function of brakes, and the second from the fact that the scaffold moved. Thus, the trial court was in error when it stated there was no evidence that the scaffold was defective. Rather, there was a factual issue as to whether the brakes were defective.

Even defendant Waco's employee who testified that routine inspections were conducted on the scaffolds, and the casters and locking mechanism (a friction plate) were tested before the scaffolding was rented, such test was conducted by "locking the system, trying to turn the wheel," as an individual part, not as part of a scaffold system and without the weight of the scaffold and persons using it on the casters and locking mechanism. Although the witness's testimony was vague, the foregoing is a reasonable inference that must, for summary judgment purposes, be drawn from the testimony. In other words, the test was not conducted under field conditions and does not constitute conclusive evidence of the effectiveness of the locking mechanism under field conditions. The requirement that the court construe the evidence most strongly in favor of the nonmoving party requires the court also to draw all reasonable inferences from the evidence which favor the nonmoving party.

Here, the only direct evidence as to the condition of the casters and brakes was that the locking mechanism was set on two of the casters and that, despite the locks or brakes, the scaffolding moved while being used. Defendant's evidence as to the condition of the brakes consisted only of evidence of the custom and practice of defendant Waco, rather than direct evidence as to what was the specific condition of the casters and locking mechanism on the specific scaffold involved. Additionally, the evidence was that that test was performed manually, rather than under field conditions with the full weight of the scaffold and men working thereon. In other words, there is no direct evidence that the braking equipment on the scaffold was in proper working condition, although there is circumstantial evidence possibly permitting such a conclusion by the trier of fact. On summary judgment, however, there is no trier of fact, and the evidence must be construed most strongly in favor of the nonmoving party.

Both of plaintiff's assignments of error are interrelated, inasmuch as the only reason the trial court found no duty was that it found that the casters were not defective. At least, we find no contention by defendant that, if it provided a defective scaffold, it has no liability to the users of that scaffold.

Rather, defendant's contention is that the scaffold in question was not its scaffold, that, if it were, the casters and locking mechanism were not defective, and that the proximate cause of the accident was the misuse of a ladder in connection with the scaffold and the absence of a guardrail to prevent plaintiff Mac Meece from falling.

Although the use of the ladder and the absence of a guardrail are not attributable to defendant Waco, there is a genuine issue of fact both as to whether either constitutes a proximate cause of the accident and, even if they are, were they the sole proximate cause of the accident and injuries. In other

words, in light of the question of fact as to whether the casters and locking mechanism on the scaffold were defective, there also is a question of fact as to whether such defective braking system was a proximate cause of the accident and injuries, even if not the sole proximate cause. Accordingly, both of plaintiff's assignments of error are well taken.

Defendant's single cross-assignment of error is not well-taken. Although the factual findings sought by defendant Waco that the scaffold involved in the accident was not the one furnished by it, such conclusion is far from conclusive. This is evinced by the argument in defendant's brief at page nine that "[t]he Plaintiff cannot prove with certainty that the alleged defective casters were leased from Waco." This may well be true, but at the summary judgment stage, plaintiff is not required to prove anything with certainty, but, instead, is required only to meet the evidence furnished by the defendant so as to show there to be a genuine issue of fact. Although, as defendant points out, the casters involved cannot be located, this does not necessarily indicate they were not leased from Waco since Waco admittedly leased casters to Approved Roofing and has not accounted for the casters which it so leased.

The trial court properly found there to be a genuine issue of fact upon the question of whether the alleged defective casters involved were the ones leased from Waco by Approved Roofing. It may well be that, at trial, if plaintiff can offer no better evidence, a directed verdict might be appropriate, but the issue upon summary judgment is different. The burden is upon the moving party to demonstrate not only that there is no genuine issue of fact but also that that party is entitled to judgment as a matter of law. There is no burden upon the nonmoving party other than to produce sufficient evidence to meet that which may be produced by defendant, if such evidence produced by the movant, when construed most strongly in favor of the nonmoving party, demonstrates both that there is no genuine issue of fact and that reasonable minds could find only for the movant.

For the foregoing reasons, plaintiff's assignments of error are sustained, defendant's cross-assignment of error is overruled, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with law consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

McCormac, P.J., and McKinley, J., concur.

Michael R. McKinley, J., of the Union County Court of Common Pleas, sitting by assignment.