DECISION AND JOURNAL ENTRY
Appellants, Donald and Margaret Mankes, have appealed from a judgment of the Lorain County Court of Common Pleas that granted summary judgment to Appellees North Ridgeville City School District and North Ridgeville Board of Education ("school district") on the Mankeses' action for damages. This Court affirms.
 I.
The Mankeses have owned a home in North Ridgeville since 1972. North Ridgeville High School and a school bus garage are on adjacent property owned by the school district. On July 23, 1992, the school district removed gasoline storage tanks located near the school bus garage, apparently because they had ruptured. By a letter dated October 3, 1993, the school district sought and obtained permission from the Mankeses to perform soil boring on their property. Although the letter did not state the reason for the drilling, the school district verbally informed the Mankeses that it was attempting to determine whether there had been any contamination of their property from the gasoline tank rupture. The school district installed a monitoring well on the Mankeses property on February 7, 1994. During the spring or summer of 1994, representatives of the school district met with the Mankeses and informed them that their property had been contaminated.
For the next several months, the Mankeses attempted to get more detailed information from those doing the testing on their property, including Eric Brown. Brown told them, however, that he was authorized to report only to his client, the school district. The school district eventually authorized release of the results of the initial testing, which the Mankeses received during the spring of 1995. The Mankeses later received documentation regarding the nature and extent of contamination detected on their property. On September 12, 1996, they filed a complaint against the school district.
By its amended answer, the school district raised a statute of limitations defense. The school district contended that any injury to the Mankeses' property had ceased in 1992 when the tanks were removed. As the Mankeses did not file this action until September 1996, the school district asserted that their action was barred by the two-year statute of limitations of R.C. 2744.04(A). The school district moved to dismiss the complaint for failure to state a claim based on the defenses of the statute of limitations and sovereign immunity. Because the school district had relied on evidence outside the pleadings, the trial court converted the motion to dismiss into a motion for summary judgment pursuant to Civ.R. 12(B).
The trial court granted summary judgment to the school district based on its statute of limitations defense. The trial court reasoned that, even if the discovery rule applied to toll the statute of limitations, the Mankeses admitted that they discovered their injury more than two years before they filed suit. The Mankeses have appealed, raising one assignment of error.
 II.
The Mankeses' sole assignment of error is that the trial court erred in granting summary judgment to the school district. They have asserted that their action was not barred by the statute of limitations because they did not "discover" the nature or extent of contamination of their property until March 1995, at the earliest.
This Court reviews summary judgment de novo. Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) [N]o genuine issue as to any material fact remains to be litigated;
 (2) the moving party is entitled to judgment as a matter of law; and
 (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the moving party.
State ex. rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587,589. Doubts must be resolved in favor of the nonmoving party. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679,686. A party moving for summary judgment bears an initial burden of pointing to "some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims." Dresher v. Burt (1996), 75 Ohio St.3d 280,293. (Emphasis sic.) When a moving party has met this initial burden, the nonmoving party "may not rest on the mere allegations of her pleading, but her response * * * must set forth specific facts showing the existence of a genuine triable issue." State ex rel. Burnes v. Athens Cty. Clerk ofCourts (1998), 83 Ohio St.3d 523, 524.
The school district asserted, with supporting evidence, that it removed the gasoline tanks at issue in July 1992; therefore, any spill or leakage occurred no later than that time. Because the Mankeses did not file suit until September 1996, the school district asserted that they were barred by the two-year statute of limitations set forth in R.C. 2744.04(A).The Mankeses responded with an argument that the discovery rule should apply here to toll the statute of limitations because they were completely unaware of the latent damage to their property when it initially occurred.
Generally, the statute of limitations begins to run when the defendant's wrongful conduct occurs. Collins v. Sotka (1998),81 Ohio St.3d 506, 507. Under the discovery rule, an exception to the general rule, a cause of action accrues when the plaintiff discovers, or through the exercise of reasonable diligence should have discovered, that he or she sustained an injury and that it was caused by the wrongful conduct of the defendant. Id. The discovery rule tolls the running of the statute of limitations in situations where the plaintiff has not discovered either his injury or its cause. See Makris v. Scandinavian Health Spa, Inc.
(Sept. 20, 1999), Mahoning App. No. 98CA183, unreported, 1999 Ohio App. LEXIS 4416, *6.
Assuming, without deciding, that the discovery rule applies to this type of situation,[1] the Mankeses had the burden to present some evidence that they did not "discover" the damage to their property until after September 12, 1994.
The Mankeses focus their argument on evidence that they did not receive "documentation" of the contamination until April 1995 and did not receive information about the extent of the damage until sometime in 1996. They contend, therefore, that the statute of limitations did not begin running until one of those dates. Using either of those two dates to trigger the statute of limitations, their action would have been timely filed. It is undisputed, however, that the Mankeses "discovered" that their property had been contaminated at a much earlier point in time.
During 1994, the Mankeses had a meeting with the school district superintendent, the assistant superintendent, and an environmental consultant who did some of the testing on their property. Even the Mankeses testified that they were informed at that time that their property had been contaminated. Assuming arguendo
that the Mankeses had not already been given reason to investigate the potential contamination,[2] the statute of limitations could no longer be tolled after the school district directly informed the Mankeses that their property had been contaminated.
There is a factual dispute as to when this meeting occurred,[3] but it is without legal significance. The school district presented evidence that the monitoring well was placed on the Mankeses' property on February 9, 1994, and that the meeting took place during February 1994. The school district also presented the deposition testimony of the Mankeses, in which they testified vaguely, without indicating specific dates or months, that the meeting occurred later that year. Mr. Mankes testified that it "[h]ad to be after they dug the [well] in the spring, so I imagine around summertime, I imagine." Mrs. Mankes, who was deposed immediately after her husband, disagreed with his testimony that the meeting was during the summer and testified that the meeting was during the "spring, I think."
Although the season of summer does include a few dates after September 12, Mr. Mankeses' vague testimony that the meeting was "around summertime, I imagine" does not support a reasonable inference that the meeting occurred after September 12, 1994. SeeMeece v. Waco Equip. Co. (1990), 66 Ohio App.3d 64, 67. Moreover, a genuine issue of material fact is not created by a mere scintilla of evidence or evidence that is not significantly probative. Springfield Local School Dist. Bd. of Edn. v. OhioAssn. of Pub. School Emp., Local 530 (1995), 106 Ohio App.3d 855,863. The Mankeses' testimony did not tend to prove that the meeting occurred after September 12 and, therefore, was not sufficient evidence to raise a genuine issue of fact on that issue. Construing the evidence most strongly in favor of the Mankeses, reasonable minds could only conclude that the Mankeses knew, prior to September 1994, that they had sustained property damage and that the school district had been the cause.
The Mankeses have argued that their cause of action did not accrue until they received test results from the school district that informed them of the full extent of contamination on their property. The discovery rule tolls the statute of limitations, however, only until the plaintiff discovers, or should have discovered, his injury and the identity of the responsible party, regardless of whether he is aware of the full extent of his injury. See Doe v. First United Methodist Church (1994), 68 Ohio St.3d 531,538-539. Thus, even if the discovery rule applied to this situation, it could toll the statute of limitations no longer than the summer of 1994. Because the Mankeses did not file their complaint until September 12, 1996, it was beyond the two-year limit of R.C. 2744.04(A). Therefore, the trial court properly granted summary judgment to the school district on statute of limitations grounds. The Mankeses' assignment of error is overruled.
 III.
The Mankeses' assignment of error is overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
Exceptions.
 ___________________________ BETH WHITMORE
CARR, P.J., BATCHELDER, J., CONCUR.
[1] Because it is not necessary for this Court to determine whether the discovery rule applies to this situation, it declines to do so.
[2] The discovery rule provides for a tolling of the statute of limitations only until the plaintiff knew or should have known
of his injury. See, e.g., O'Stricker v. Jim Walter Corp. (1983),4 Ohio St.3d 84, paragraph two of the syllabus. This Court need not reach the issue of whether the Mankeses should have known about the contamination at an earlier point.
[3] The Mankeses have not pointed to this factual dispute, nor did they emphasize it below, in an attempt to demonstrate a genuine issue of material fact.