THE STATE EX REL. BURNES, APPELLANT, *v.* ATHENS COUNTY CLERK OF COURTS, APPELLEE.

[Cite as *State ex rel. Burnes v. Athens Cty. Clerk of Courts* (1998), 83 Ohio St.3d 523.]

(Nos. 98–808 and 98–1130—Submitted September 15, 1998—Decided November 10, 1998.)

*Ellyn J. Burnes, pro se.*

---

***Per Curiam.*** Burnes asserts that the court of appeals erred in its various rulings. For the reasons that follow, however, Burnes's contentions lack merit.

First, the court of appeals properly denied the writ. When a motion for summary judgment is made and supported as provided in Civ.R. 56, the nonmoving party may not rest on the mere allegations of her pleading, but her response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts showing the existence of a genuine triable issue. *Mootispaw v. Eckstein* (1996), 76 Ohio St.3d 383, 385, 667 N.E.2d 1197, 1199; Civ.R. 56(E). The clerk supported her summary judgment motion with an affidavit, which established that all of Burnes's documents were properly docketed and filed. Burnes rested on the mere allegations of her complaint, and she failed to file Civ.R. 56 evidence setting forth specific, material facts supporting her claimed entitlement to extraordinary relief in mandamus.

Second, Burnes's request for reconsideration was a nullity because her mandamus action was an original action filed in the court of appeals, thus rendering App.R. 26(A) inapplicable. *State ex rel. Clark v. Lile* (1997), 80 Ohio St.3d 220, 221, 685 N.E.2d 535, 536; *State ex rel. Pajestka v. Faulhaber* (1977), 50 Ohio St.2d 41, 42, 4 O.O.3d 113, 113–114, 362 N.E.2d 263, 263–264.

Finally, unlike criminal litigation, there is no general right of counsel in civil litigation. See, generally, *State ex rel. Jenkins v. Stern* (1987), 33 Ohio St.3d 108, 110, 515 N.E.2d 928, 930–931. Burnes has also not specified any pertinent statute or rule entitling her to appointed counsel in this appeal. See *State ex rel. Karmasu v. Tate* (1992), 83 Ohio App.3d 199, 206–207, 614 N.E.2d 827, 832; cf. *State ex rel. Asberry v. Payne* (1998), 82 Ohio St.3d 44, 693 N.E.2d 794.

Based on the foregoing, we affirm the judgment of the court of appeals.[1]

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

---

1. We deny Burnes's motion for "restraint and injunction" to prevent the clerk from "invading [her] privacy." We lack jurisdiction to issue relief in the nature of a prohibitory injunction. *State ex rel. Lanham v. Ohio Adult Parole Auth.* (1997), 80 Ohio St.3d 425, 426, 687 N.E.2d 283, 284.