OPINION
Although this appeal was originally assigned to the accelerated docket we have elected to render a full opinion in accordance with Loc.R. 12(5).
This appeal is taken by Plaintiff-Appellants Joshua Kelly, et al, from the judgment entered by the Court of Common Pleas of Marion County granting Defendant-Appellees' motion for summary judgment.
The following facts are not disputed:
 On October 31, 1996, Joshua Kelley, Plaintiff-Appellant, went "trick or treating" accompanied by his mother, Plaintiff-Appellant, Darlene Houston. The pair were walking throughout the neighborhood located in the vicinity of Thompson Street. Also joining in the Halloween festivities were Lindsey Shelton, Defendant-Appellee, and her boyfriend, Shawn Thomas. Shelton had volunteered to take her nephew, Joshua Hall, "trick or treating".
After picking up Thomas and Hall, Shelton drove to her mother's home on Thompson road to retrieve Hall's gloves and hat. When they arrived at Shelton's mother's home they found no one at the residence and left to begin "trick or treating". Back inside the vehicle Shelton reversed out of her mother's driveway and proceeded south on Thompson Street toward Silver Street. Shelton aware that she was proceeding in a school zone and an area inundated by children "trick or treating" drove with heightened caution. Furthermore, Shelton at no time exceeded the posted speed limit and was at all times driving between 15-25 miles per hour.
As Shelton approached Silver Street she noticed a group of young "trick or treaters" playing in or near the left side of the street. In order to be safe Shelton proceeded to drive closer to the other side of the street and slowed down. As she continued to drive Shelton noticed another child, Joshua Kelley, heading for the street on the opposite side of the road. Joshua darted between two parked cars. Kelley's mother yelled for him to come back. Undaunted Joshua entered the street.[1] Shelton swerved to avoid him still conscious of the other children in the street. Despite Shelton's efforts Joshua collided with the front corner of her vehicle as she came to a halt. Joshua was rushed to the hospital. He suffered head and pelvic injuries, but has since recovered from those injuries and leads an active and healthy life.
On July 12, 1999, Joshua Kelley, a minor, by and through his mother, Darlene Houston filed a complaint against Lindsay Shelton and her father Michael Shelton in the Court of Common Pleas of Marion County alleging that Shelton was negligent in the operation of her vehicle. In addition, Kelley charged that Shelton's father had signed her application for a driver's license and was thus jointly and severally liable for all damages resulting from her negligence.
Shelton filed a motion for summary judgment and Kelley filed a response. On August 3, 2000, the trial court granted Shelton's motion for summary judgment and dismissed Kelley's complaint. On appeal from that judgment entry Kelley presents the following sole assignment of error:
 The trial court committed error prejudicial to Plaintiffs-Appellants by granting Defendant-Appellants summary judgment.
When reviewing summary judgment, we review the judgment independently without any deference to the previous determination made by the trial court. Conley-Slowinski v. Superior Spinning Stamping Co. (1988),128 Ohio App.3d 360. The standard of review in this court is de novo.AAAA Enterprises, Inc. v. River Place Community Urban RedevelopmentCorp. (1990), 50 Ohio St.3d 157, 553 N.E.2d 597.
Civil Rule 56 requires the court to determine from the materials properly to be considered and timely filed in the action, resolving all doubts against the movant, that no genuine issue exists as to any material fact, that reasonable minds could reach no other conclusion and that the moving party is entitled to judgment as a matter of law. Therefore summary judgment is appropriate only when the following have been established: (1) that there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) construing the evidence most favorable in the light of the non-moving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. Civ.R.56(C); Bosticv. Connor (1988), 37 Ohio St.3d 144, 524 N.E.2d 881.
The moving party bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Celotex Corp. v. Catrett
(1986), 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265.
Once the moving party meets its burden, the non-moving party then has a reciprocal burden to set forth specific facts showing that there is a genuine issue of material fact for trial. A. Doe v. First PresbyterianChurch (USA) (1998), 126 Ohio App.3d 358, 364; Civ.R. 56(E). The nonmoving party may not rest on the mere allegations of her pleading.State ex rel. Burns v. Athens Cty. Clerk of Courts (1998)83 Ohio St.3d 523, 524 citing Mootispaw v. Eckstein (1996),76 Ohio St.3d 383, 385, 667 N.E.2d 1197, 1199; Civ.R. 56(E). Most importantly, the non-movant's failure of proof on an essential element of the case necessarily renders all other facts immaterial. Celotex Corp.v. Catrett (1986), 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265.
Kelley makes two arguments in support of her contention that the trial court erred when it granted summary judgment. First Kelley argues that the trial court erred in granting summary judgment because Kelly presented evidence sufficient to establish a claim of negligence on the part of defendant-appellee Lindsey Shelton. Next Kelley argues that the claim against Shelton's father for joint and several liability was incorrectly construed as a negligent entrustment claim.
In opposition, Shelton argues, that the undisputed evidence presented to the trial court does not establish negligence and the trial court therefore, correctly granted summary judgment to Appellees. Furthermore, Shelton argues that Kelley's claim against Shelton's father for negligent entrustment fails as a matter of law.
Negligence liability "is predicated upon injury caused by the failure to discharge a duty owed to the injured party." McDonald v. Lanius (Oct. 28, 1993), Marion App. No. 9-93-23, unreported, quoting Deeds v. AmericanSecurity (1987), 39 Ohio App.3d 31, 33. In order to sustain an action based upon negligence, "one must show in addition to the existence of a duty, a breach of that duty and injury resulting proximately therefrom."Mussivand v. David (1989), 45 Ohio St.3d 314, 318. Negligence in a motor vehicle is the failure to exercise ordinary care to avoid injury to others. McDonald at *2. Ordinary care is a degree of care that an ordinarily reasonable and prudent person exercises, or is accustomed to exercising under the same or similar circumstances. Mussivand at 318,544 N.E.2d 265.
"The degree of care required of a motorist is controlled by and depends upon the place, circumstances, surroundings and conditions." Rayoum v.Adams (July 24, 1998), Lucas App. No. l-97-1370, unreported. Under circumstances where the driver of a vehicle knows of the presence of children in, near, or adjacent to the street or highway, or should know that children may reasonably be expected to be in the vicinity, the driver is under a heightened duty to exercise ordinary care for the safety of the child or the children. Williams v. Putnam Transfer Storage Co. (Feb. 3, 1994), Cuyahoga App. No. 64659, unreported.
In the present case there is no evidence to support Kelley's claim that Shelton's actions on October 31 were negligent. As stated above Shelton's sense of responsibility and due care were heightened as she drove through a school zone frequented that evening by dozens of children "trick or treating". At no time did Shelton exceed the speed limit and in fact, drove well below the posted speed limit. Further, in an effort to avoid the children Shelton slowed her speed and moved closer to the curb. In addition, when Shelton noticed Joshua moving towards the street she attempted to avoid him and the car had ceased its movement when Joshua hit her vehicle.
Despite this Kelley argues that Shelton was negligent. However, negligence of a driver is not presumed simply because a child is hit by a vehicle. Quite to the contrary, Kelley must present evidence establishing that Shelton did not act with a heightened sense of ordinary care under the circumstances. Kelley has not presented any evidence notwithstanding the assertion that an accident occurred and Shelton was driving and Kelley was hit. During Houston's deposition, she was questioned about her theory of negligence. The following colloquy occurred:
Q: * * * Why do you think this is Lindsey's fault?
A: Because she was driving the car.
Q: Any other reason?
A. No.
Absent any evidence besides the injury and the accident tending to establish that Shelton failed to exercise ordinary care under the circumstances Kelley has failed to present evidence sufficient to sustain a claim of negligence. Furthermore, Kelley's claim that Shelton's father is jointly and severally liable for damages as a result of Shelton's negligence is moot. No error having been shown, Kelley's sole assignment of error is overruled and the judgment of the Court of Common Pleas of Marion County is affirmed.
Judgment affirmed.
 HADLEY and SHAW, JJ., concur.
[1] Joshua Kelley did not proceed to cross the street at a crosswalk or intersection.