This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Betty Wetterau, appeals from a judgment of the Summit County Court of Common Pleas that granted summary judgment to appellee, Metropolitan Property and Casualty Insurance Company ("Metropolitan"), on its action for declaratory judgment on the issue of underinsured motorist coverage. We reverse.
On July 25, 1991, Betty Wetterau was seriously injured in an automobile accident. The car was driven by Elizabeth Dobbins and was owned by her sister Anne Dobbins, both of whom held separate policies of automobile insurance with Metropolitan. Anne Dobbins died from the injuries she sustained in the accident.
The liability and uninsured/underinsured motorist coverage limits of each policy were $100,000 per person, $300,000 per accident. Wetterau made demands for liability and underinsurance coverage under the Metropolitan policies. Metropolitan paid Wetterau the liability coverage limits under Anne's policy but denied coverage under Elizabeth's policy. On August 15, 1991, Metropolitan denied Wetterau's claim for underinsurance benefits. On November 25, 1992, Wetterau executed a release in favor of Elizabeth Dobbins and the estate of Anne Dobbins. She settled both claims for $125,000.[1]
By a letter dated October 1, 1998, noting recent changes in Ohio case law, Wetterau made a new demand for underinsured motorist benefits under the Dobbinses' Metropolitan policies. She claimed to have damages in excess of $750,000.[2]
Metropolitan again denied the claim.
On February 4, 1999, Metropolitan commenced this action, seeking a declaration that it had no duty to pay underinsured motorist benefits to Wetterau under Anne Dobbins' automobile insurance policy.[3] The parties filed cross motions for summary judgment. The trial court granted summary judgment for Metropolitan and denied Wetterau's motion for summary judgment. Wetterau appeals and raises a single assignment of error.
 ASSIGNMENT OF ERROR The trial court erred in granting the Plaintiff-Appellee, Metropolitan Property and Casualty Insurance Company's Motion for Summary Judgment.
Wetterau contends that the trial court erred in granting summary judgment in favor of Metropolitan. Wetterau does not challenge the trial court's failure to grant her motion for summary judgment.
Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) [N]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party.
State ex. rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587, 589. Doubts must be resolved in favor of the nonmoving party. Hortonv. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 686. A party moving for summary judgment bears an initial burden of pointing to "some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims." Dresher v.Burt (1996), 75 Ohio St.3d 280, 293. (Emphasis sic.) When a moving party has met this initial burden, the nonmoving party "may not rest on the mere allegations of her pleading, but her response * * * must set forth specific facts showing the existence of a genuine triable issue." State ex rel. Burnes v. Athens Cty. Clerkof Courts (1998), 83 Ohio St.3d 523, 524.
Metropolitan raised three potential grounds for summary judgment. It asserted that Wetterau had no claim for underinsurance coverage under Anne Dobbins' Metropolitan policy because: (1) the policy's so-called household exclusion precluded underinsurance coverage on Anne Dobbins' vehicle; (2) underinsurance benefits are not payable because Wetterau already received $100,000, the policy limit, in liability coverage; and (3) she did not comply with the arbitration provision of the policy.
 Applicable Underinsured Motorist Law
Evaluation of Metropolitan's first two grounds for summary judgment hinges primarily upon what law applies. Since Metropolitan initially denied Wetterau's claim for underinsured motorist benefits, Ohio's uninsured/underinsured motorist law has undergone extensive changes that impact each of these issues, both via the legislature and the Ohio Supreme Court. Metropolitan's argument as to what law should apply focuses on several different points in time: the date of the accident, the date of settlement, the date of Wetterau's renewed demand, etc. None of these dates is relevant to determining what law will govern the rights and obligations of these parties, however.
In Ross v. Farmers Ins. Group of Cos. (1998), 82 Ohio St.3d 281, syllabus, the Ohio Supreme Court held:
 For the purpose of determining the scope of coverage of an underinsured motorist claim, the statutory law in effect at the time of entering into a contract of automobile liability insurance controls the rights and duties of the contracting parties.
The relevant law, therefore, is the law in effect at the time Anne Dobbins contracted with Metropolitan for automobile liability insurance.
The evidence in the record demonstrates that Anne Dobbins held the applicable policy from March 6, 1991 to September 9, 1991. Because this was the only evidence before the trial court, the trial court reasonably concluded that the contract for coverage was entered into on March 6, 1991.[4]
The statutory law in effect on March 6, 1991 was R.C.3937.18, as amended effective January 1, 1988. Although Metropolitan points to wide-sweeping legislative changes that became effective in October of 1994 and after, these changes will not be applied retroactively. Weisinger v. Nationwide Ins. Co. (Aug. 5, 1998), Summit App. No. 18585, unreported, at 3.
In Cole v. Holland (1996), 76 Ohio St.3d 220, 224-225, the Ohio Supreme Court recognized that, although the legislature had explicitly expressed its intent that the amended R.C.3937.18(A)(2) "supercede various holdings of Savoie [v. GrangeMut. Ins. Co. (1993), 67 Ohio St.3d 500]," it found no express indication that the general assembly intended the amendment to have retroactive effect. The court explained:
 R.C. 1.48 provides that "[a] statute is presumed to be prospective in its operation unless expressly made retrospective." Although the General Assembly was crystal clear in stating its desire to supersede Savoie, it would have had to specifically manifest an intention for the statute to have retroactive effect in order for the statute to so operate. See Nease v. Med. College Hosp. (1992), 64 Ohio St.3d 396, 398, 596 N.E.2d 432, 434; Van Fossen v. Babcock Wilcox Co. (1988), 36 Ohio St.3d 100, 106, 522 N.E.2d 489, 495. Since Am.Sub.S.B. No. 20 contains no retrospective language, amended R.C. 3937.18(A)(2) operates only prospectively. Consequently, pending causes of action accruing prior to October 20, 1994, the effective date of Am.Sub.S.B. No. 20, are controlled by the third syllabus paragraph of Savoie, and by the underinsurance statute applicable at the time of the decision in Savoie, former R.C. 3937.18. See Am.Sub.H.B. No. 1, 142 Ohio Laws, Part I, 1661, 1739-1740.
Id.
Subsequent changes in Ohio Supreme Court case law, on the other hand, generally are applied retroactively. The effect of the Supreme Court overruling one of its prior holdings "is not that the former law was bad law, but that it never was the law."Peerless Elec. Co. v. Bowers (1955), 164 Ohio St. 209, 210. Although there are exceptions to this general rule, see id., Metropolitan has failed to demonstrate that an exception applies here. It merely argues that it relied on the law as it existed in 1991. This Court has held that an insurer "does not have a vested right under any prior judicial decision which would bar retroactive application of [the Ohio Supreme Court's interpretation of R.C. 3937.18]." Cartwright v. Maryland Ins.Group of Cos. (1995), 101 Ohio App.3d 439, 443. Thus, subsequent Ohio Supreme Court holdings that are relevant to these issues will be applied retroactively.
1. Household Exclusion
Metropolitan argued that the policy at issue excluded underinsured motorist coverage for "a covered automobile or highway vehicle regularly furnished or available for the use of you or any relative." No one disputes that the automobile in which Wetterau was injured belonged to Anne Dobbins and was a "covered automobile" under the policy. The year after the accident, however, the Ohio Supreme Court held that such an exclusion is unenforceable. State Farm Auto. Ins. Co. v.Alexander (1992), 62 Ohio St.3d 397, 400-401.
Metropolitan asserts that Alexander should not apply here because it is factually distinguishable. This Court is not persuaded by that argument. In Alexander, the household exclusion was found to be unenforceable because it conflicted with the mandate of former R.C. 3937.18 that insurers provide uninsured/underinsured motorist coverage. The specific holding ofAlexander, set forth in the syllabus, is not limited to any particular set of facts. Because the household exclusion in Anne Dobbins' insurance policy was not enforceable, Metropolitan was not entitled to summary judgment on that basis.
2. Relevant Set-off for Underinsured Limits
The issue here is whether the availability of the policy's underinsurance coverage should be determined by setting off the insured's recovery against the policy's coverage limits or against the insured's total damages. Metropolitan asserted that the underinsurance limits should be set off against the policy coverage limits and, because Wetterau already received the policy liability limit of $100,000, there is no underinsurance coverage. Although this would be a viable argument under the current version of R.C. 3937.18, it does not comport with the Supreme Court's current interpretation of the 1988 version of R.C. 3837.18(A)(2).
At the time the insurance contract was entered in 1991, R.C.3937.18(A)(2) had been construed by the Ohio Supreme Court in Hillv. Allstate Ins. Co. (1990), 50 Ohio St.3d 243, syllabus, as follows:
 Unless otherwise provided by an insurer, underinsured motorist liability insurance coverage is not available to an insured where the limits of liability contained in the insured's policy are identical to the limits of liability set forth in the tortfeasor's liability insurance coverage.
Under that law, which was still good law in 1991, Metropolitan denied Wetterau's claim for underinsurance benefits because it had already paid her the $100,000 liability limit under Anne Dobbins' policy, which was the same as the policy limit on underinsurance coverage.
On October 1, 1993, however, the Ohio Supreme Court overruledHill in Savoie v. Grange Mut. Ins. Co. (1993), 67 Ohio St.3d 500.Savoie interpreted that same version of R.C. 3937.18 as follows: "An underinsured claim must be paid when the individual covered by an uninsured/underinsured policy suffers damages that exceed those monies available to be paid by the tortfeasor's liability carriers." Id. at paragraph three of the syllabus.
In Cole, 76 Ohio St.3d at syllabus, the Supreme Court clarified that the insurer's set-off is against the insured's total damages, not the policy limit of underinsurance coverage. This holding applies even where the liability and underinsurance coverages are sought under the same insurance policy. See Keppelv. Keppel Estate (1996), 76 Ohio St.3d 231, 232.
The relevant set-off here is against Wetterau's total damages, not the policy's underinsured motorist coverage limit. Consequently, Metropolitan's set-off argument was also unfounded and did not present a viable ground for summary judgment in its favor.
3. Arbitration Provision
Metropolitan argued that Wetterau failed to comply with the arbitration provision of the policy. That provision provides, in part, that "[u]pon written consent of both parties, any disagreement will be settled by arbitration." Metropolitan failed to point to any evidence in the record, however, to indicate whether either party consented to arbitration. Consequently, it was impossible for the trial court to determine whether this provision has any impact on these parties. As Metropolitan failed to satisfy its burden under Dresher, supra, summary judgment was not warranted on this basis.
Because Metropolitan failed to establish that it was entitled to judgment as a matter of law, summary judgment was not properly granted. Wetterau's assignment of error is sustained.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 _______________________ LYNN C. SLABY
WHITMORE, J. CONCURS.
[1] Elizabeth Dobbins apparently personally paid Wetterau $25,000.
[2] Although no one disputes the severity of Wetterau's injuries, or that her damages exceed her $125,000 settlement with the Dobbinses, the actual damage figure was not established by evidence in the record other than a letter to Metropolitan from Wetterau's counsel that stated the $750,000 figure.
[3] Although Wetterau also sought underinsurance coverage under the policy of Elizabeth Dobbins, that policy is not at issue in this declaratory judgment action.
[4] Although the contract may actually have been entered into as much as eighteen months earlier, see Wolfe v. Wolfe (2000),88 Ohio St.3d 246, paragraphs one and two of the syllabus (holding that it is a two-year policy period that controls, not just a six-month renewal period), there is no evidence in the record other than this six-month period. As no different statutory law was in effect eighteen months earlier, an earlier date would not change what law applies anyway.