This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Thomas Moss, appeals from a judgment of the Lorain County Court of Common Pleas that granted summary judgment to appellee, Electroalloys Corporation ("Electroalloys"), on Moss's breach of contract action against it. We affirm.
{¶ 2} Moss was employed by Electroalloys, formerly known by other names, from 1963 until his termination in September 1998. Moss began as an hourly worker and, by the end of his employment with the company, had worked his way up to a salaried, supervisory position. On September 29, 1998, Moss did not report to work. The facts surrounding his absence are not relevant to our disposition of this matter. Electroalloys terminated Moss's employment as a result of this work absence.
{¶ 3} Moss filed this action, alleging that Electroalloys had terminated him in breach of an express or implied employment contract. According to Moss, the alleged contract arose from attendance policies and plant rules of Electroalloys. Although Electroalloys has changed ownership over the years, no one disputes that the relevant policies and rules have not changed.
{¶ 4} Electroalloys moved for summary judgment, asserting that Moss was employed at will and was not protected by any express or implied contract of employment. Moss responded in opposition, focusing on the company's written and unwritten attendance policies and plant rules, contending that they created an express or implied employment contract. The trial court granted summary judgment to Electroalloys. Moss appeals and raises one assignment of error.
 Assignment of Error
{¶ 5} "THE TRIAL COURT ABUSED ITS DISCRETION AND [ERRED] AS A MATTER OF LAW WHEN IT FOUND THAT THERE WERE NO ISSUES OF MATERIAL FACTS IN DISPUTE AND THAT REASONABLE MINDS COULD ONLY REACH A DECISION ADVERSE TO THE PLAINTIFF, THAT DEFENDANT IS ENTITLED TO JUDGMENT AS A MATTER OF LAW."
{¶ 6} Moss contends that the trial court erred in granting summary judgment to Electroalloys. Pursuant to Civ.R. 56(C), summary judgment is proper if:
{¶ 7} "(1) [N]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex. rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587, 589.
{¶ 8} Doubts must be resolved in favor of the nonmoving party.Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 686, quotingDavis v. Loopco Industries, Inc. (1993), 66 Ohio St.3d 64, 66. A party moving for summary judgment bears an initial burden of pointing to "someevidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims." Dresher v. Burt (1996), 75 Ohio St.3d 280,293. (Emphasis sic.) When a moving party has met this initial burden, the nonmoving party "may not rest on the mere allegations of her pleading, but her response *** must set forth specific facts showing the existence of a genuine triable issue." State ex rel. Burnes v. AthensCty. Clerk of Courts (1998), 83 Ohio St.3d 523, 524.
{¶ 9} Electroalloys moved for summary judgment, asserting, among other things, that Moss's breach of contract claims must fail because he had no express or implied employment contract; rather, he was an at-will employee. It pointed to Moss's own testimony that he had no employment contract and that he did not have any understanding with his employer that he was employed for a specific period of time. Electroalloys also pointed to Moss's testimony that, in 1989 or 1990, his employer cut the pay and vacation time of all of its salaried employees, as further evidence that Moss did not have the protection of an employment contract, express or implied.
{¶ 10} Moss responded in opposition to summary judgment, pointing to the company's written Attendance Policy and Plant Rules, as well as to unwritten policies that supervisors could take time off when work was slow or as compensation for unpaid overtime that they had worked. Moss conceded that nothing in these policies or rules addressed the duration of his employment.
{¶ 11} "As a general rule, employment under an oral agreement is `at will,' and either party may terminate the employment relationship at any time for any reason not contrary to law." Bucher v. Sibcy Cline,Inc. (2000), 137 Ohio App.3d 230, 235, citing Mers v. Dispatch PrintingCo. (1985), 19 Ohio St.3d 100, 104. Moss was correct that in Mers, the Ohio Supreme Court recognized that the terms of an at-will employment relationship may be altered by implied or express contractual obligations that arise from company policies and practices. 19 Ohio St.3d at 104. He had no legal support, however, for his argument that an implied employment contract can exist without the employer making some promise or representation to the employee that, if the employee complies with the company policies and practices, his compliance will be rewarded with continued employment.
{¶ 12} "A plaintiff asserting the existence of an implied contract of employment has a `heavy burden.'" Walton v. Greater Cleveland RegionalTransit Auth. (June 29, 2000), 8th Dist. No. 76274, citing Srail v. RJFInternatl. Corp. (1998), 126 Ohio App.3d 689, 710. He must establish the following: "(1) oral and written assurances that his work performance is `linked to job security'; (2) his subjective belief of an expectation of `continued employment'; and (3) an indication his employer also had a `belief' as manifested by its `policies, past practices and representations' that the employee possessed an expectation of continued employment with the company." Walton, supra, quoting Wright v. Honda ofAm. Mfg., Inc. (1995), 73 Ohio St.3d 571, 575, 577. "It is well established that employment agreements which do not specify a particular duration or term of employment are presumed to be terminable by either party at will for any reason not contrary to law." Anders v. SpecialtyChem. Resources, Inc. (1997), 121 Ohio App.3d 348, 351.
{¶ 13} Although Moss pointed to a written attendance policy and plant rules, there is no language to even suggest a promise of continued employment for employees who comply with the policy and/or rules. Moss likewise offered no evidence of any verbal assurances from his employer that his employment would continue if he complied with the policy and rules. Consequently, he failed to raise a genuine issue of material fact as to the at-will nature of his employment. The trial court did not err in granting summary judgment to Electroalloys. The assignment of error is overruled.
SLABY, J. and WHITMORE, J. CONCUR.