This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Cementech, Inc. ("Cementech"), has appealed from a judgment of the Summit County Court of Common Pleas that granted summary judgment to Appellee, the city of Fairlawn, on Cementech's claims against it. This Court reverses.
 I. {¶ 2} On December 1 and 8, 2001, Fairlawn solicited bids for the construction of the Fairlawn Services Road. Fairlawn later amended the bidding documents to include Addendum No. 1, which amended page eighteen of the project specifications to request a specific bid for obtaining and installing fifty-four Cleveland Select Pear Trees. Cementech was one of several entities that submitted timely bids to Fairlawn. Cementech did not include the addendum in the bid proposal packet that it submitted to Fairlawn, as it should have, but it admits that it received a copy of the addendum.
 {¶ 3} On December 17, 2001, at 10:00 a.m., Fairlawn opened the bids that had been submitted. Although Cementech's total price for the project was the lowest one submitted, Fairlawn rejected its bid. In a letter dated that same day, Fairlawn's law director notified Cementech that, due to its failure to include the addendum, its bid proposal was rejected. The law director made the decision to reject Cementech's bid and it was not considered any further. Cementech's bid was not submitted to either the board of audit and review or city council. Fairlawn awarded the service road contract to another bidder.
 {¶ 4} Cementech filed this action against Fairlawn, seeking damages and injunctive relief, alleging that Fairlawn improperly rejected its bid. Cementech alleged that, among other things, the actions of the law director in rejecting its bid were not within his authority under the Codified Ordinances of the City of Fairlawn.
 {¶ 5} Fairlawn moved for summary judgment, asserting that the law director did have the authority to determine whether Cementech's bid complied with the city's bid specifications and that the city did not abuse its discretion in rejecting Cementech's bid because its failure to include the addendum was a material defect. The trial court granted summary judgment to Fairlawn, finding that the law director acted within his authority and that there had been no abuse of discretion.
 {¶ 6} Cementech has appealed, raising one assignment of error.
 II. Assignment of Error "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGEMENT IN FAVOR OF DEFENDANT, THE CITY OF FAIRLAWN, OHIO AND AGAINST THE PLAINTIFF, CEMENTECH, INC."
 {¶ 7} Cementech contends that the trial court erred in granting summary judgment for Fairlawn. Pursuant to Civ.R. 56(C), summary judgment is proper if:
 "(1) [N]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex. rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587, 589.
 {¶ 8} Doubts are to be resolved in favor of the nonmoving party.Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 686. A party moving for summary judgment bears an initial burden of pointing to "someevidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims." Dresher v. Burt (1996), 75 Ohio St.3d 280,293. (Emphasis sic.) When a moving party has met this initial burden, the nonmoving party "may not rest on the mere allegations of her pleading, but her response *** must set forth specific facts showing the existence of a genuine triable issue." State ex rel. Burnes v. Athens Cty. Clerk ofCourts (1998), 83 Ohio St.3d 523, 524.
 {¶ 9} Under Ohio's competitive bidding statutes, municipalities are required to contract for material and labor expenditures of over $15,000 "with the lowest and best bidder after advertisement for not less than two nor more than four consecutive weeks in a newspaper of general circulation within the city." R.C. 735.05. R.C. 9.312 authorizes political subdivisions to specifically adopt competitive bidding policies and procedures through ordinance or resolution.
 {¶ 10} Cementech had alleged in its complaint that Fairlawn's ordinances pertaining to the competitive bidding process require bids to be reviewed by the board of audit and review, ultimate decisions to be made by city council, and the law director had no authority to unilaterally reject Cementech's bid as non-responsive.
 {¶ 11} Fairlawn moved for summary judgment, contending that it did not abuse its discretion by rejecting Cementech's bid because Cementech's bid was materially defective. It pointed to supporting evidence that included the affidavits of the mayor and law director of Fairlawn, both of whom stated that the city did not abuse its discretion by rejecting Cementech's bid because it was materially defective. They further attested that the law director had the authority, pursuant to Article VII of the Charter of the City of Fairlawn and Chapter 234 of the Codified Ordinances of the City of Fairlawn, to act as advisor to the Board of Audit and review.
 {¶ 12} Article VII of the Charter of the City of Fairlawn provides, in pertinent part:
 "The Director of Law shall be the head of the Department of Law and shall be appointed by the Mayor with the concurrence of Council as provided. He shall be an attorney-at-law, admitted to the practice of law in the State of Ohio. He shall be the legal adviser of and attorney and counsel for the Municipality and for all officers and divisions thereof in all matters relating to their official duties, and shall, when requested, give legal opinions in writing. He shall represent the Municipality in all suits or cases in which it may be a party and shall prosecute for all offenses against the ordinances of the Municipality and such offenses against the laws of Ohio as may be required of him. He shall, on request of the Council, prepare contracts, legislation, bonds and other instruments in writing in which the Municipality is concerned, and shall endorse on each his approval of the form and corrections thereof. He shall perform such other duties as the Mayor or Council may impose upon him consistent with his office."
 {¶ 13} Chapter 234 of the Codified Ordinances of the City of Fairlawn similarly provides, in relevant part:
"234.01 DUTIES AND COMPENSATION OF THE DIRECTOR OF LAW.
 "(a) Duties. In addition to the duties established for the Director of Law in the Charter of the City, the Mayor at his or her discretion shall designate those duties to be performed by the Director of Law and shall deliver the same in writing to the Director of Law."
 {¶ 14} Although Fairlawn pointed to "some evidence" that the law director had the authority to advise the board of audit and review on this issue, it failed to point to any evidence that the law director had the authority to make the ultimate decision that Cementech's bid did not comply and to remove it from consideration. At best, Fairlawn's evidence demonstrated that the law director had the authority to give a legal opinion as to whether Cementech's bid met the city's specifications; this evidence did not even suggest that the law director had authority to make the decision to reject Cementech's bid.
 {¶ 15} Fairlawn's ordinances define the role of the law director as a legal advisor, not as a decision-maker. Moreover, as Cementech argued to the trial court, Chapter 282 and other provisions of the Fairlawn ordinances and Ohio case law provide for competitive bidding decisions to be made by a board or legislative body, not one individual.
 {¶ 16} Because Fairlawn failed to satisfy its burden underDresher to point to evidence to negate Cementech's claim that the law director had exceeded his authority by rejecting its bid, summary judgment was not proper. The assignment of error is well taken.
 III. {¶ 17} Cementech's assignment of error is sustained. The judgment of the trial court is reversed and the cause is remanded to the trial court.
BAIRD, P.J. and CARR, J. CONCUR.