OPINION
{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Loc.R. 12(5), to issue a full opinion in lieu of a judgment entry.
 {¶ 2} Plaintiff-Appellant, Joseph Parrish ("Parrish"), appeals a judgment of the Defiance County Common Pleas Court granting summary judgment in favor of Defendant-Appellee State Farm Mutual Automobile Insurance Company ("State Farm"). Parrish maintains the trial court erred by finding that the named driver exclusion contained in his automobile insurance policy limited his recovery of underinsured motorist ("UIM") benefits. We determine that the applicable provisions of R.C. 3937.18 do not permit the limitation on Parrish's UIM coverage sought by State Farm. Therefore, we sustain Parrish's assignment of error, reverse the judgment of the trial court, and remand the cause for further proceedings consistent with this opinion.
 {¶ 3} On November 28, 1994, Parrish and State Farm entered into an automobile liability insurance policy that included UIM coverage. Then, on August 30, 1998, Parrish and State Farm modified the contract by inserting a named driver exclusion. The named driver exclusion specifically excluded from Parrish's policy all coverage for any loss caused by Parrish's daughter, Adele Parrish.
 {¶ 4} Subsequently, on November 16, 1998, both Adele and Parrish's son, Gregory Parrish, were killed when the car driven by Adele collided with a tractor trailer. At the time of the accident, Adele had an insurance policy with Progressive with a $12,500 liability limit.
 {¶ 5} Parrish brought a wrongful death claim against Adele's estate based upon the death of Gregory. The full $12,500 allowed under Adele's policy was awarded, but the net proceeds were inadequate to fully cover Parrish's loss. Thereafter, Parrish made a UIM claim under his policy with State Farm. State Farm denied the claim maintaining the policy's named driver exclusion precluded coverage because the loss had been caused by Adele.
 {¶ 6} Parrish brought suit challenging State Farm's denial of his claim, and both parties filed summary judgment motions. The trial court found that the named driver exclusion eliminated State Farm's liability for losses arising from the actions of Adele. Accordingly, the trial court denied Parrish's motion for summary judgment and granted State Farm's. It is from this judgment Parrish appeals presenting the following sole assignment of error for our review:
It was error for the Common Pleas Court to grant the Motion for SummaryJudgment of Defendant-Appellee State Farm Insurance and deny that ofPlaintiff-Appellant Joseph Parrish on the issue of whether Parrish wasentitled to underinsured motorist benefits when the exclusion relied uponby State Farm was not authorized by the Ohio Uninsured Motorist Act(R.C. 3937.18).
 {¶ 7} In his assignment of error, Parrish contends Ohio law does not permit named driver exclusions to limit UIM coverage for losses based upon wrongful death claims.
 Standard of Review {¶ 8} An appellate court reviews a summary judgment order de novo.[1] Summary judgment is appropriate when, looking at the evidence as a whole: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) construing the evidence most strongly in favor of the nonmoving party, it appears that reasonable minds could only conclude in favor of the moving party.[2] If any doubts exist, the issue must be resolved in favor of the nonmoving party.[3]
 {¶ 9} The party moving for the summary judgment has the initial burden of producing some sort of evidence which affirmatively demonstrates the lack of a genuine issue of material fact.[4] The nonmoving party must then rebut with specific facts showing the existence of a genuine triable issue; they may not rest on the mere allegations or denials of their pleadings.[5]
 {¶ 10} In the case herein, neither party is contesting the facts. Nor is State Farm contesting that they would be liable for Parrish's under compensated loss of his son absent the named driver exclusion. What is at issue is the law regarding the effectiveness and scope of named driver exclusions in relation to UIM coverage. State Farm contends that both statutory and case law allows an insurance policy to exclude UIM benefits, while Parrish maintains that such an exclusion is contrary to the law. We must first address which version of R.C. 3937.18 applies to the policy in question.
 Law applicable to the policy {¶ 11} The parties herein are not in agreement as to which version of R.C. 3937.18 applies to Parrish's policy. Parrish maintains the version of the statute as amended in 1994 applies, while State Farm contends the version of the statue as amended in 1997 applies.
 {¶ 12} The statutory law in effect on the date an automobile insurance policy is entered into is the law to be applied in interpreting such policies.[6] This seemingly simple concept can become problematic because Ohio statutory law requires insurance carriers to give insureds a two-year guaranteed coverage period.[7] The Supreme Court has ruled that the beginning of each successive two-year period creates a new policy and the law in effect on the first date of each successive two-year period is the law to be applied to claims arising under that policy.[8]
To determine the date the policy in question was entered into, one must count successive two-year periods forward from the date the original policy was entered into.[9]
 {¶ 13} Parrish's original policy was entered into on November 28, 1994. Thus, the first period ran until November 27, 1996 and the second period ran from November 28, 1996 to November 27, 1998. Parrish's loss occurred November 16, 1998, during the second successive two year period. Therefore, at first glance, the law in effect on November 28, 1996 applies.
 {¶ 14} However, "the statute does not preclude an insured and an insurer from entering into a new contract of insurance within the two-year period."[10] R.C. 3937.18 was amended on September 3, 1997. Two days later the named driver exclusion was added to Parrish's policy. If the addition of the named driver exclusion acted to create a new contract then the law at the time it went into effect would apply, and R.C. 3937.18 as amended in 1997 would be the operative law.
 {¶ 15} After looking at the specific language of the named driver exclusion and the policy itself, we find that the addition of the named driver exclusion did not create a new contract. The policy states that, "[t]he terms of this policy may be changed * * * by: (1) an endorsement signed by one of our executive officers" (emphasis added). The named driver exclusion was signed by State Farm's president. Further, the exclusion itself states, "[t]his endorsement is a part of your policy" (emphasis added). Both of these provisions seem to indicate that the exclusion was intended to become part of the then existing contract, not a new contract. Accordingly, we find that the pre 1997 version of R.C.3937.18 is the law that applies to Parrish's policy.
 Effect of named driver exclusion on UIM coverage {¶ 16} In order to be valid, an insurance policy exclusion of UIM coverage must conform to R.C. 3937.18.[11] The Supreme Court in interpreting the pre 1997 version of R.C. 3937.18 has held that coverage can not be excluded if: (1) the claimant is an insured under a policy which provides UIM coverage; (2) the claimant was injured by an underinsured motorist; and (3) the claim is recognized by Ohio tort law.[12] The undisputed facts of the case herein establish that Parrish's loss can not be excluded. Parrish was an insured under the State Farm policy which provided for UIM coverage, and he suffered a loss recognized under Ohio tort law when his son was wrongfully killed by an underinsured motorist.[13]
 {¶ 17} Both State Farm and the trial court rely upon Johnston v.Indiana Ins. Co.[14] for the implication that this court has previously upheld named driver exclusions as limitations on UIM coverage. Johnston
merely stood for the proposition that an insurance company was free to establish who was and was not an insured under its policy. In Johnston
the plaintiff was trying to receive UIM coverage for the person explicitly designated in the named driver exclusion. We held that the named driver exclusion conclusively established individuals who were not entitled to coverage under the policy.
 {¶ 18} This situation is clearly distinguishable from the facts of the case at hand Parrish is not attempting to recover for the Adele's loss and never argues that Adele is covered under the policy. Instead, Parrish is arguing that he is the insured who suffered a loss because of an underinsured driver and is entitled to recover under his policy.
 {¶ 19} Our holding today does not invalidate the contested named driver exclusion in its entirety. It is valid as far as clarifying who is excluded from coverage under the policy, namely Adele Parrish. However, to the extent that it is not authorized by the version of R.C. 3937.18 in place at the time the policy went into effect, we find it is invalid.
 {¶ 20} Based on the undisputed facts and the established law, we find that Parrish suffered an under-compensated loss at the hands of an underinsured driver. Further, we find that the named driver exclusion can not properly limit Parrish's UIM benefits for the loss he seeks, because R.C. 3937.18 did not authorize such an exclusion. Therefore, we reverse the judgment of the trial court and remand the cause for further proceedings consistent with this opinion.
 {¶ 21} Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
Shaw and Cupp, JJ., concur.
[1] Hillyer v. State Farm Mut. Auto Ins. Co. (1996), 131 Ohio App.3d 172,175.
[2] Civ.R. 56(C); Horton v. Harwick Chem. Corp, (1995),73 Ohio St.3d 679, 686-687.
[3] Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-59.
[4] State ex rel. Burnes v. Athens City Clerk of Courts (1998),83 Ohio St.3d 523, 523; see, also, Dresher v. Burt (1996),75 Ohio St.3d 280, 293.
[5] Id.
[6] Ross v. Farmers Ins. Group of Cos. (1998), 82 Ohio St.3d 281, syllabus of the court; Wolfe v. Wolfe (2000), 88 Ohio St.3d 246,250-251; see, also, Flowers v. Ohio Mut. Ins. Group, 3rd Dist. No. 13-02-28, 2003-Ohio-441, at ¶ 12.
[7] R.C. 3937.31(A).
[8] Wolfe, 88 Ohio St.3d at 250-252.
[9] Id.
[10] Flowers, at ¶ 28, citing Leisure v. State Farm Mut. Auto.Ins. Co. (Nov. 19, 2001), 5th Dist. No. 2001CA00095, unreported.
[11] Martin v. Midwestern Group Ins. Comp. (1994), 70 Ohio St.3d 478, paragraph two of the syllabus; State Farm v. Alexander (1992),62 Ohio St.3d 397, para. one of the syllabus.
[12] Martin, 70 Ohio St.3d at 481.
[13] Sexton v. State Farm Mut. Auto. Ins. Co. (1982), 69 Ohio St.2d 435, 433; see, also, Moore v. State Auto. Mut. Ins. Co. (2000),88 Ohio St.3d 27, 29-34.
[14] (Mar.8, 1996), 3rd Dist. No. 12-95-11, unreported.