DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Jo Ann Jacobson, appeals from a judgment of the Summit County Court of Common Pleas that granted summary judgment to Summit County Children Services Board ("CSB") in her civil action against it. We affirm.
 {¶ 2} During 2001, CSB instituted a dependency case in juvenile court that culminated in the termination of Jacobson's parental rights to her minor child, with permanent custody granted to CSB. After the juvenile court's permanent custody decision, which was affirmed on appeal, Jacobson unsuccessfully sought to vacate the juvenile court judgment pursuant to Civ.R. 60(B) and through a *Page 2 
habeas corpus action in federal court. She alleged improprieties in the permanent custody action, including that CSB had made material misrepresentations to the juvenile court.
 {¶ 3} On April 15, 2005, Jacobson filed this civil action against CSB.[1] She alleged that, during the juvenile court action that led to the termination of her parental rights, CSB had "inflicted on Plaintiff a continuing pattern of misrepresentation, misconduct, malfeasance and nonfeasance," which caused Jacobson to lose custody of her child.
 {¶ 4} On July 14, 2006, CSB moved for summary judgment. CSB construed Jacobson's claim as one filed pursuant to Section 1983, Title 42, U.S. Code. CSB maintained that such a claim would require proof that Jacobson's constitutional rights had been infringed by a policy or custom of CSB or that CSB was deliberately indifferent to Jacobson's rights. CSB asserted several arguments in support of summary judgment, including that Jacobson could not establish any unconstitutional policy, custom, or practice by CSB. Pointing to Jacobson's answers to interrogatories, CSB maintained that the only purported "pattern of misrepresentation" by CSB involved allegations of isolated acts by individual CSB employees, not acts officially sanctioned by CSB or otherwise part of a policy, *Page 3 
custom, or practice of the agency.
 {¶ 5} Jacobson responded in opposition to summary judgment, asserting that she did have a valid claim under Section 1983 and that she could establish that the coordinated efforts of several CSB employees to take her daughter amounted to a policy, custom, or practice by CSB to deprive her of her rights.
 {¶ 6} The trial court granted summary judgment to CSB because Jacobson had failed to meet her reciprocal burden on summary judgment to point to evidence of a policy, custom, or practice of CSB that deprived her of her constitutional rights.
 {¶ 7} Jacobson appeals and raises one assignment of error.
 ASSIGNMENT OF ERROR "The trial court erred in granting summary judgment in favor of Appellee."
 {¶ 8} Jacobson contends that the trial court erred in granting summary judgment to CSB. Pursuant to Civ.R. 56(C), summary judgment is proper if:
 "(1) [N]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex. rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587, 589.
 {¶ 9} Doubts must be resolved in favor of the nonmoving party.Horton v. Harwich Chem. Corp. (1995), 73 Ohio St.3d 679, 686. *Page 4 
 {¶ 10} A party moving for summary judgment bears an initial burden of pointing to "some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims." Dresher v. Burt (1996),75 Ohio St.3d 280, 293. (Emphasis sic.) When a moving party has met this initial burden, the nonmoving party "may not rest on the mere allegations of her pleading, but her response * * * must set forth specific facts showing the existence of a genuine triable issue." State ex rel. Burnes v. AthensCty. Clerk of Courts (1998), 83 Ohio St.3d 523, 524.
 {¶ 11} CSB moved for summary judgment and asserted, among other things, that Jacobson could not establish a claim against it under Section 1983, Title 42, U.S. Code, which provides as follows:
 "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."
 {¶ 12} The case of Monell v. Department of Social Services (1978),436 U.S. 658, 690-691, established the rule that a local governing body may be sued under Section 1983 where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers," or where the alleged *Page 5 
unconstitutional action results from governmental "custom or usage" that has become so settled as to have the force of law.
 {¶ 13} "The `official policy' requirement was intended to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." Pembaur v.Cincinnati (1986), 475 U.S. 469, 479 (emphasis sic). The Supreme Court further defined the term "official policy" to refer to "formal rules or understandings — often but not always committed to writing — that are intended to, and do, establish fixed plans of action to be followed under similar circumstances consistently and over time." Id. at 480-481. While "policy" generally connotes a rule of general application, a decision "tailored to a particular situation" may also constitute a "policy" if made by the "official or officials responsible for establishing final policy with respect to the subject matter in question." Id. at 483-484.
 {¶ 14} CSB asserted that Jacobson would be unable to establish a claim against it under Section 1983 because she could not point to any policy, custom, or practice by CSB that caused the alleged violation of her rights. CSB met its initial burden on summary judgment by pointing to Jacobson's answers to interrogatories in which she identified the following acts by CSB employees that formed the basis of her claim: (1) CSB personnel forged her signature on a case plan; (2) CSB employees testified falsely about her before the juvenile court, and (3) CSB *Page 6 
personnel had improperly "used" her medical conservator to "seize" custody of her child.
 {¶ 15} In opposition to summary judgment, Jacobson did not dispute that CSB had correctly identified the alleged acts by CSB that were the focus of her case, nor did she point to any further evidence of a CSB policy, practice, or custom. Instead, she maintained that, because CSB employees had violated her rights several times during the course of her case and because several CSB employees were involved, the pervasiveness of those actions established a custom, policy, or practice by CSB to violate her rights.
 {¶ 16} Construing all of her allegations as true, at best, Jacobson had alleged several improper actions by several individual CSB employees. Without evidence to tie these actions to CSB policy makers, many acts by many employees remain acts by individual employees, not official action by CSB for which it can be liable under Section 1983, Title 42, U.S. Code. See Pembaur, 475 U.S. at 479. Jacobson offered no evidence that the alleged actions of the CSB employees had been driven by a policy, custom, or practice of CSB. Jacobson pointed to no evidence of any relevant CSB policy, procedure, or practice that authorized or encouraged caseworkers to forge names on case plans or testify falsely about parents, nor did she point to evidence that the alleged actions in her case had been specifically directed or authorized by someone at CSB with policy-making authority. *Page 7 
 {¶ 17} Because Jacobson failed to set forth any specific facts to establish that the alleged improper actions by CSB employees had been officially sanctioned by CSB policy-making officials, she failed to demonstrate that she had a genuine triable issue on her claim under Section 1983, Title 42, U.S. Code. Therefore, the trial court did not err in granting summary judgment to CSB and the assignment of error is overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to Appellant. *Page 8 
MOORE, J.
DICKINSON, J.
CONCUR
[1] Although Jacobson's complaint also alleged claims against the juvenile court, the trial court later dismissed those claims and Jacobson has not raised that issue on appeal. *Page 1